UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL SINGER and SHAMEIKA DIXON, Individually and on behalf of all others similarly situated | § § § § § | Civil Action No. 5:19-cv-00679 |
| | § | JURY TRIAL DEMANDED |
| *Plaintiff,* | § § | |
| | § | COLLECTIVE ACTION |
| v. | § | PURSUANT TO 29 U.S.C. § 216(b) |
| | § | |
| WELLS FARGO BANK, N.A. | § § | |
| | § | CLASS ACTION PURSUANT |
| *Defendant.* | § | TO FED. R. CIV. P. 23(b)(3) |

**PLAINTIFF'S COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff Paul Singer and Shameika Dixon (collectively "Plaintiffs") bring this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiffs and the Putative Class Members" or "Plaintiffs and the FLSA Collective Members") who worked for Wells Fargo Bank, N.A. (hereinafter "Defendant" or "Wells Fargo"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), North Carolina Wage and Hour Act, N.C.G.S.A. § 95-25.1, *et* seq. ("NCWHA" or "North Carolina Act") and Texas common law.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while the respective state law claims are asserted as class actions under Federal Rule of Civil Procedure 23(b)(3).

# I.
# OVERVIEW

1.  This is a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the laws of the State of North Carolina and the State of Texas to recover unpaid wages, overtime wages, and other applicable penalties.

2.  Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for Wells Fargo in call centers anywhere in the United States at any time during the relevant statutes of limitation through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.  Specifically, Wells Fargo has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work "off-the-clock" and without pay.

4.  Wells Fargo's company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.  Although Plaintiffs and the Putative Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.  Wells Fargo knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant statutes of limitation.

7.  Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA, the NCWHA, or Texas state law.

8.  Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their respective state law claims as class actions pursuant to Federal Rule of Civil Procedure 23.

9.  Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also pray that the Rule 23 class is certified as defined herein, and that Plaintiff Singer designated herein be named as Class Representative for the Texas Common-Law Class, and Plaintiff Dixon designated herein be named as Class Representative for the North Carolina Class.

## II.
## THE PARTIES

11. Plaintiff Paul Singer ("Singer") has been employed by Wells Fargo during the relevant time periods. Plaintiff Singer has not received compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. Plaintiff Shameika Dixon ("Dixon") was employed by Wells Fargo during the relevant time periods. Plaintiff Dixon did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13. The Putative Class Members are those current and former hourly call-center employees who were employed by Wells Fargo at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

---

[1] The written consent of Paul Singer is hereby attached as Exhibit "A."

[2] The written consent of Shameika Dixon is hereby attached as Exhibit "B."

14. The Texas Common-Law Class Members are those current and former hourly call-center employees who were employed by Wells Fargo in the State of Texas at any time during the last four years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Singer works and is paid.

15. The North Carolina Class Members are those current and former hourly call-center employees who were employed by Wells Fargo in the State of North Carolina at any time during the last two years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Dixon worked and was paid.

16. Defendant Wells Fargo Bank, N.A. is a foreign for-profit corporation, licensed to and doing business in Texas, and can be served with process through its registered agent: **CORPORATION SERVICE COMPANY d/b/a CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.**

### III.
### JURISDICTION & VENUE

17. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18. This Court has supplemental jurisdiction over the additional North Carolina and Texas state-law claims pursuant to 28 U.S.C. § 1367.

19. This Court has personal jurisdiction over Wells Fargo because the cause of action arose within this District as a result of Wells Fargo's conduct within this District and Division.

20. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Wells Fargo has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Singer worked in San Antonio, Texas throughout his employment with Wells Fargo, all of which are located within this District and Division.

22. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

23. Wells Fargo is a multinational financial services company with its United States headquarters located in San Francisco, California and with locations across the thirty-seven countries.[3] Wells Fargo's call centers operate throughout the United States to serve its customers.

24. To provide its services, Wells Fargo employed (and continues to employ) numerous hourly call-center employees–Plaintiffs and the individuals that make up the putative class.

25. Plaintiffs and the Putative Class Members' job duties generally consisted of answering phone calls made by Wells Fargo's customers, answering customer inquiries, and troubleshooting customer problems.

26. Plaintiff Singer has been employed by Wells Fargo as a customer service representative in San Antonio, Texas since approximately April of 2010.

27. Plaintiff Shamekia Dixon was employed by Wells Fargo as a customer service representative in Charlotte, North Carolina from approximately January of 2012 until April 2018.

28. Plaintiffs and the Putative Class Members were (and are) non-exempt call-center employees who were (and are) paid by the hour.

29. Plaintiffs and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

30. In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members worked up to four hours "off-the-clock" per week and have not been compensated for that time.

---

[3] https://www08.wellsfargomedia.com/assets/pdf/about/corporate/wells-fargo-today.pdf

31.     Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for Wells Fargo as a result of Wells Fargo's corporate policy and practice of paying its employees only for their scheduled shifts; that is, requiring its hourly call-center employees to clock-in only when ready to take their first call, at the start of their scheduled shift, and to work after their scheduled shifts had ended.

32.     Specifically, Plaintiffs and the Putative Class Members are required to start and log-in to their computer, open multiple different Wells Fargo computer programs, log in to each Wells Fargo program, and ensure that each Wells Fargo program is running correctly—all of which can take up to twenty minutes—before they are able to take their first phone call, which comes in as soon as their official shift starts.

33.     In addition, Plaintiffs and the Putative Class are also required to assist customers after the end of their scheduled shifts, and to remain at their computers during the lengthy shut-down process, activities which were performed after the employees' scheduled shifts had concluded.

34.     Plaintiffs and the Putative Class Members were not compensated during their start-up time, although they were expected to have completed this process in advance of their official start time.

35.     Nor were Plaintiffs and the Putative Class Members compensated for the time they worked for Wells Fargo after their shifts ended although they were required to continue assisting customers or waiting by their computers during the lengthy shut-down process.

36.     Wells Fargo required Plaintiffs and the Putative Class Members to be logged on and have all the requisite computer programs running before their first phone call, at the start of their official shift.

37. Wells Fargo also forced Plaintiffs and the Putative Class Members to remain call available until the end of their scheduled shift, at which point they were clocked out despite having to complete their pending call, log out of all open programs, and shut down their computers.

38. As such, Wells Fargo required (and continues to require) Plaintiffs and the Putative Class Members to perform their start-up and shut-down tasks "off-the-clock" (and without pay) before their official shift begins, and after their official shift ends.

39. As a result of Wells Fargo's corporate policy and practice of requiring Plaintiffs and the Putative Class Members to perform these start-up and shut-down tasks while "off-the-clock" before the beginning of their shifts, and after the ends of their shifts, Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA and the NCWHA.

40. Wells Fargo has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

41. Wells Fargo is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiffs and the Putative Class Members, but has failed to do so.

42. Because Wells Fargo did not pay Plaintiffs and the Putative Class Members for all hours worked and time-and-one-half for all hours worked in excess of forty (40) in a workweek, Wells Fargo's pay policies and practices violate the FLSA.

43. Because Wells Fargo did not pay Plaintiffs and the Putative Class Members for all hours worked on behalf of Wells Fargo, Wells Fargo's pay policies and practices also violate North Carolina and Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE

**(Collective Action Alleging FLSA Violations)**

A.     **FLSA COVERAGE**

44.    All previous paragraphs are incorporated as though fully set forth herein.

45.    The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY WELLS FARGO BANK, N.A., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 13, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

46.    At all times hereinafter mentioned, Wells Fargo has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

47.    At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

48.    At all times hereinafter mentioned, Wells Fargo has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

49.    During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Wells Fargo, these individuals have provided services for Wells Fargo that involved interstate commerce for purposes of the FLSA.

50.    In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce

within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51.     Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of Wells Fargo who assisted Wells Fargo's customers throughout the United States. 29 U.S.C. § 203(j).

52.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

53.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 45.

54.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Wells Fargo.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

55.     Wells Fargo has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

56.     Moreover, Wells Fargo knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

57. Wells Fargo knew or should have known its pay practices were in violation of the FLSA.

58. Wells Fargo is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

59. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Wells Fargo to pay them according to the law.

60. The decision and practice by Wells Fargo to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

61. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one and one-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    COLLECTIVE ACTION ALLEGATIONS**

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Wells Fargo's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

64. Other similarly situated employees of Wells Fargo have been victimized by Wells Fargo's patterns, practices, and policies, which are in willful violation of the FLSA.

65. The FLSA Collective Members are defined in Paragraph 45.

66. Wells Fargo's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally

applicable policies and practices of Wells Fargo and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

67. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

68. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

69. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

70. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Wells Fargo will retain the proceeds of its violations.

72. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 45 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.      VIOLATIONS OF TEXAS COMMON LAW**

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Plaintiff Singer further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3

(N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

76. The Texas Common-Law Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY WELLS FARGO BANK, N.A., IN TEXAS, AT ANY TIME FROM JUNE 13, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

77. The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Wells Fargo. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the

78. The Texas Common-Law Class Members provided valuable services for Wells Fargo, at Wells Fargo's direction and with Wells Fargo's acquiescence.

79. Wells Fargo accepted the Texas Common-Law Class Members' services and benefited from their timely dedication to Wells Fargo's policies and adherence to Wells Fargo's schedule.

80. Wells Fargo was aware that Plaintiff Singer and the Texas Common-Law Class Members expected to be compensated for the services they provided to Wells Fargo.

81. Wells Fargo has therefore benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.   TEXAS COMMON-LAW CLASS ALLEGATIONS**

82. Plaintiff Singer brings his Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Wells Fargo to work in Texas since Jun 13, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

83. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

84. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

85. Plaintiff Singer is a member of the Texas Common-Law Class, his claims are typical of the claims of the other Texas Common Law Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Texas Common Law Class Members.

86. Plaintiff Singer and his counsel will fairly and adequately represent the Texas Common Law Class Members and their interests.

87. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

88. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 76.

## COUNT TWO
### (Class Action Alleging Violations of NCWHA)

### A. VIOLATIONS OF THE NORTH CAROLINA WAGE AND HOUR ACT

89. All previous paragraphs are incorporated as though fully set forth herein.

90. The North Carolina Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY WELLS FARGO BANK, N.A., IN NORTH CAROLINA, AT ANY TIME FROM JUNE 13, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("North Carolina Class" or "North Carolina Class Members").**

91. At all times hereinafter mentioned, Wells Fargo has been an "employer" within the meaning of the NCWHA. N.C.G.S.A. § 95-25.2(5).

92. At all times hereinafter mentioned, Plaintiff Dixon and the North Carolina Class Members have been "employees" within the meaning of the NCWHA. N.C.G.S.A. § 95-25.2(4).

93. Plaintiff Dixon and the North Carolina Class Members were or have been employed by Wells Fargo since Jun 13, 2019 and have been covered employees entitled to the protections of the NCWHA and were not exempt from the protections of the NCWHA.

94. At all times hereinafter mentioned, Wells Fargo has not been exempt from its obligations under the NCWHA.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NORTH CAROLINA WAGE AND HOUR ACT**

95. All previous paragraphs are incorporated as though fully set forth herein.

96. The NCWHA requires employers like Wells Fargo to pay all compensation due to employees on their regular paydays. N.C.G.S.A. § 95-25.6.

97. The NCWHA requires employers like Wells Fargo to pay overtime compensation at a rate not less than time-and-one-half of the regular rate of pay of the employee for all hours worked in excess of forty (40) hours per workweek. N.C.G.S.A. § 95-25.4.

98. Plaintiff Dixon and the North Carolina Class are **_non-exempt_** employees who are entitled to be paid for all hours worked. *Id.*

99. Wells Fargo has a company-wide policy and practice of failing to pay Plaintiff Dixon and the North Carolina Class for all hours worked on their regular payday.

100. Wells Fargo has a company-wide policy and practice of failing to pay Plaintiff Dixon and the North Carolina Class overtime compensation for all hours worked in excess of forty (40) hours per workweek.

101. As a result of Wells Fargo's illegal and company-wide policies, Wells Fargo has violated the NCWHA.

102. Wells Fargo's failure to pay for all hours worked and failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek to the North Carolina Class Members who performed work on behalf of Wells Fargo in North Carolina is part of a continuing course of conduct.

103. Plaintiff Dixon and the North Carolina Class Members have suffered damages and continue to suffer damages as a result of Wells Fargo's acts or omissions described herein.

104. The North Carolina Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant.

105. The North Carolina Class seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the hourly rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

106. Accordingly, the North Carolina Class should be certified as defined in Paragraph 90.

**C.   NORTH CAROLINA CLASS ALLEGATIONS**

107. Plaintiff Dixon brings her state law claims on behalf of all Wells Fargo's employees defined in paragraph 90, pursuant to the Federal Rule of Civil Procedure 23.

108. On information and belief, Wells Fargo has employed hundreds, if not thousands, of hourly call-center employees in North Carolina in the past two (2) years.

109. These workers are geographically dispersed, residing and working across the State of North Carolina.

110. Plaintiff Dixon will fairly and adequately protect the interests of the North Carolina Class.

111. Plaintiff Dixon retained counsel who is experienced and competent in class action and employment litigation.

112. Plaintiff Dixon has no relevant interest contrary to, or in conflict with, the member of the class.

113. Just like each member of the proposed classes, Plaintiff Dixon has an interest in obtaining the unpaid wages owed under North Carolina State Law.

114. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

115. Absent these actions, many members of the classes likely will not obtain redress of their injuries and Wells Fargo will retain the proceeds of its violations of the NCWHA.

116. Furthermore, even if particular members of the class could afford individual litigation against Wells Fargo, it would be unduly burdensome to the judicial system.

117. Consolidating the litigation in one forum will promote judicial efficiency and parity among the claims of individual members of the classes and provide judicial consistency.

118. There is a well-defined community of interest in the questions of law and fact affecting the North Carolina Class as a whole.

119. The questions of law and fact common to the North Carolina Class predominate over any questions solely affecting the individual members.

120. Plaintiff Dixon's claims are typical of the claims of members of the class. Plaintiff Dixon and the North Caroline Class Members have all sustained damages arising out of Wells Fargo's wrongful and uniform employment policies.

121. Plaintiff Dixon knows of no difficult that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## VI.
## RELIEF SOUGHT

122. Plaintiffs respectfully pray for judgment against Wells Fargo as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 45 and requiring Wells Fargo to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order certifying the Texas Common-Law Class as defined in Paragraph 76 and designating Plaintiff Singer as the Class Representative of the Texas Common-Law Class;

   c.  For an Order certifying the North Carolina Class as defined in Paragraph 90 and designating Plaintiff Dixon as the Class Representative of the North Carolina Class;

   c.  For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   d.  For an Order pursuant to Section 16(b) of the FLSA finding Wells Fargo liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

   e.  For an Order pursuant to Texas common law awarding Plaintiff Singer and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

   g.  For an Order pursuant to the NCWHA awarding Plaintiff Dixon and the North Carolina Class unpaid wages and other damages allowed by law;

   f.  For an Order awarding the costs and expenses of this action;

   g.  For an Order awarding attorneys' fees;

   h.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   i.  For an Order awarding Plaintiffs Singer and Dixon a service award as permitted by law;

   j.  For an Order compelling the accounting of the books and records of Wells Fargo, at Wells Fargo's own expense; and

   k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:   June 13, 2019                        Respectfully submitted,

                **ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexnder*
   **Clif Alexander**
   Federal I.D. No. 1138436
   Texas Bar No. 24064805
   clif@a2xlaw.com
   **Lauren E. Braddy**
   Federal I.D. No. 1122168
   Texas Bar No. 24071993
   lauren@a2xlaw.com
   **Alan Clifton Gordon**
   Federal I.D. No. 19259
   Texas Bar No. 00793838
   cgordon@a2xlaw.com
   **Carter T. Hastings**
   Federal I.D. No. 3101064
   Texas Bar No. 24101879
   carter@a2xlaw.com
   819 N. Upper Broadway
   Corpus Christi, Texas 78401
   Telephone: (361) 452-1279
   Facsimile: (361) 452-1284

   **Attorneys for Plaintiffs and the Putative Class Members**