**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PAUL SINGER and** | § | |
| **SHAMEIKA DIXON, Individually** | § | |
| **And On Behalf of All Others** | § | |
| **Similarly Situated,** | § | **CIVIL ACTION NO. 5:19-CV-679-DAE** |
| | § | |
| *Plaintiffs,* | § | **JURY TRIAL DEMANDED** |
| | § | |
| **v.** | § | **COLLECTIVE ACTION PURSUANT** |
| | § | **TO 29 U.S.C. § 216(b)** |
| **WELLS FARGO BANK, N.A.** | § | |
| | § | **CLASS ACTION PURSUANT** |
| *Defendant.* | § | **TO FED.R.CIV.P. 23(b)(3)** |

---

**DEFENDANT'S ANSWER TO COLLECTIVE ACTION COMPLAINT
AND DEFENSES**

---

COMES NOW Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), Defendant in the above-entitled cause herein, and, in response to the Original Collective Action Complaint (Doc. No. 1), files its Answer and Defenses, and states as follows:

**I.
OVERVIEW**

1.     The allegations in Paragraph 1 fail to state a fact that calls for an admission or denial. To the extent a response is required, Defendant admits that Plaintiffs have made allegations against it under the Fair Labor Standards Act and Texas and North Carolina law. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 1.

2.     The allegations in Paragraph 2 state a proposed class definition and legal allegations to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring certain of their claims on behalf of themselves and other "similarly situated persons who have worked for Wells Fargo in call centers anywhere in the United States";

deny that this case is appropriate to be certified or maintained as a class action; and deny the remaining allegations contained in Paragraph 2.

3.      Defendant denies the allegations contained in Paragraph 3.

4.      Defendant denies the allegations contained in Paragraph 4.

5.      Defendant denies the allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      The allegations in Paragraph 7 fail to state a fact that calls for an admission or denial.  To the extent a response is required, because of the vague and overbroad manner in which the purported classes and collective are defined, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 and, on that basis, denies all allegations contained in Paragraph 7 not expressly admitted.

8.      The allegations in Paragraph 8 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits that Plaintiffs purports to bring this action on behalf of themselves and others similarly situated under the Fair Labor Standards Act and Federal Rule of Civil Procedure Rule 23; denies that this case is appropriate to be certified or maintained as a collective action; denies that Plaintiffs or any member of the purported class or collective is entitled to any relief whatsoever, and except as expressly admitted, denies each and every remaining allegation contained in Paragraph 8.

9.      The allegations in Paragraph 9 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies that this case is appropriate to be certified or maintained as a collective or class action and denies that any notice to any purported class or collective members is appropriate or necessary.

10.     The allegations in Paragraph 10 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies that this case is appropriate to be certified or maintained as a collective or class action and denies that Plaintiff Singer is an appropriate class representative and denies that Plaintiff Dixon is an appropriate class representative.

## II.
## THE PARTIES

11.     Defendant admits that Plaintiff Singer was employed by Defendant beginning on or about July 2010 until on or about January 2017.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 11.

12.     Defendant admits that Plaintiff Dixon was employed by Defendant beginning on or about January 2012 until on or about April 2018.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 12.

13.     The allegations in Paragraph 13 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies that this case is appropriate to be certified or maintained as a collective or class action and denies any remaining allegations in Paragraph 13 not expressly admitted.

14.     The allegations in Paragraph 14 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies that this case is appropriate to be certified or maintained as a collective or class action and denies any remaining allegations in Paragraph 14 not expressly admitted.

15.     The allegations in Paragraph 15 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies that this case is appropriate to be

certified or maintained as a collective or class action and denies any remaining allegations in Paragraph 15 not expressly admitted.

16.     Defendant admits that it is a financial institution and is licensed to and does business in the State of Texas.   Defendant admits it can be served with process through its registered agent.   Defendant denies all remaining allegations in Paragraph 16 not expressly admitted.

### III.
### JURISDICTION & VENUE

17.     The allegations in Paragraph 17 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over this lawsuit as currently alleged.

18.     The allegations in Paragraph 18 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over this lawsuit as currently alleged.

19.     The allegations in Paragraph 19 fail to state a fact that calls for an admission or denial.   To the extent a response is required, Defendant admits that the Court has personal jurisdiction over Defendant as currently alleged.

20.     The allegations in Paragraph 20 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits that it does business in the State of Texas, including in the Western District of Texas.  Defendant denies each and every remaining allegation in Paragraph 20 not expressly admitted.

21.     The allegations in Paragraph 21 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits that it does business in the State of Texas, including in the Western District of Texas, and that Plaintiff Singer worked for Defendant

in the Western District of Texas.  Defendant denies each and every remaining allegation in Paragraph 21 not expressly admitted.

22.     The allegations in Paragraph 22 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits that venue before the Court is proper as this case currently is alleged.

## IV.
## ADDITIONAL FACTS

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant admits it employs certain individuals at call centers.  Defendant denies all remaining allegations in Paragraph 24 not expressly admitted.

25.     Because of the vague and overbroad manner in which the purported classes and collective are defined, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and, on that basis, denies all allegations contained in Paragraph 25 not expressly admitted.

26.     Defendant admits Plaintiff Singer was employed by Defendant in San Antonio, Texas beginning on or about July 2010.  Defendant denies all allegations contained in Paragraph 26 not expressly admitted.

27.     Defendant admits Plaintiff Dixon was employed by Defendant in Charlotte, North Carolina beginning on or about January 2012 until on or about April 2018.  Defendant denies all allegations contained in Paragraph 27 not expressly admitted.

28.     Defendant admits Plaintiff Singer and Plaintiff Dixon were classified as non-exempt, hourly employees.  Defendant denies all allegations contained in Paragraph 28 not expressly admitted.

29.     Defendant admits that Plaintiff Singer and Plaintiff Dixon were, as a general matter, expected to work and record approximately 40 hours per week.  Defendant denies all remaining allegations contained in Paragraph 29 not expressly admitted.

30.     Defendant denies the allegations contained in Paragraph 30.

31.     Defendant denies the allegations contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32.

33.     Defendant denies the allegations contained in Paragraph 33.

34.     Defendant denies the allegations contained in Paragraph 34.

35.     Defendant denies the allegations contained in Paragraph 35.

36.     Defendant denies the allegations contained in Paragraph 36.

37.     Defendant denies the allegations contained in Paragraph 37.

38.     Defendant denies the allegations contained in Paragraph 38.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

42.     Defendant denies the allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

///

///

///

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

44.     Paragraph 44 incorporates by reference the past allegations contained in previous paragraphs of the Complaint, and therefore no response is required.  To the extent a response is required, Defendant incorporates its earlier admissions and denials as though set forth herein.

45.     Paragraph 45 states a proposed collective action definition and legal allegations to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and others allegedly similarly-situated; denies that this case is appropriate to be certified or maintained as a collective action under 29 U.S.C. section 216(b); and denies the remaining allegations contained in Paragraph 45.

46.     The allegations in Paragraph 46 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant states that 29 U.S.C. section 203(d) speaks for itself.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 46.

47.     The allegations in Paragraph 47 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant states that 29 U.S.C. section 203(e) speaks for itself.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 47.

48.     The allegations in Paragraph 48 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits it engages in interstate commerce.

Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 48.

49.     The allegations in Paragraph 49 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant states that 29 U.S.C. sections 206-207 speak for themselves.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 49.

50.     The allegations in Paragraph 50 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits it engages in interstate commerce and states that 29 U.S.C. sections 203(b), 203(i), 203(j), 206(a), and 207(a) speak for themselves. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 50.

51.     Defendant admits that Plaintiff Singer and Plaintiff Dixon worked as non-exempt, hourly employees.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 51.

52.     The allegations in Paragraph 52 fail to state a fact that calls for an admission or denial.  To the extent response is required, Defendant states that 29 U.S.C. sections 206-207 speak for themselves.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 52.

53.     Paragraph 53 reincorporates a proposed collective action definition and legal allegations to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and others allegedly similarly-situated; denies that this case is appropriate to be certified or maintained as a collective

action under 29 U.S.C. section 216(b); and denies the remaining allegations contained in Paragraph 53.

    54.    Defendant denies the allegations contained in Paragraph 54.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

    55.    Defendant denies the allegations contained in Paragraph 55.

    56.    Defendant denies the allegations contained in Paragraph 56.

    57.    Defendant denies the allegations contained in Paragraph 57.

    58.    Defendant denies the allegations contained in Paragraph 58.

    59.    Defendant denies the allegations contained in Paragraph 59.

    60.    Defendant denies the allegations contained in Paragraph 60.

    61.    Defendant denies the allegations contained in Paragraph 61.

## C. COLLECTIVE ACTION ALLEGATIONS

    62.    Paragraph 62 incorporates by reference the past allegations contained in previous paragraphs of the Complaint, and therefore no response is required.  To the extent a response is required, Defendant incorporates its earlier admissions and denials as though set forth herein.

    63.    Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and others alleging violations of federal labor laws.  Defendant denies that this case is appropriate to be certified or maintained as a collective action under 29 U.S.C. section 216(b), and denies any remaining allegations contained in Paragraph 63 not expressly admitted.

    64.    Defendant denies the allegations contained in Paragraph 64.

    65.    Paragraph 65 reincorporates a proposed collective action definition and legal allegations to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and others allegedly

similarly-situated; denies that this case is appropriate to be certified or maintained as a collective action under 29 U.S.C. section 216(b); and denies the remaining allegations contained in Paragraph 65.

66.     Defendant denies the allegations contained in Paragraph 66.

67.     Defendant denies the allegations contained in Paragraph 67.

68.     Defendant denies the allegations contained in Paragraph 68.

69.     Defendant denies the allegations contained in Paragraph 69.

70.     Defendant denies the allegations contained in Paragraph 70.

71.     Defendant denies the allegations contained in Paragraph 71.

72.     Defendant denies the allegations contained in Paragraph 72.

73.     Defendant denies the allegations contained in Paragraph 73.

## <u>COUNT TWO</u>
### (Class Action Alleging Violations of Texas Common Law)

### A.  VIOLATIONS OF TEXAS COMMON LAW

74.     Paragraph 74 incorporates by reference the past allegations contained in previous paragraphs of the Complaint, and therefore no response is required.  To the extent a response is required, Defendant incorporates its earlier admissions and denials as though set forth herein.

75.     Defendant admits that Plaintiff Singer has asserted claims against it under a theory of *quantum meruit*.  Defendant denies all remaining allegations in Paragraph 75 not expressly admitted.

76.     Paragraph 76 states a proposed class definition and legal allegations to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff Singer purports to bring certain of his claims on behalf of himself and other "call-center employees" who were employed by Defendant in the State of Texas; denies that this case is appropriate to be

certified or maintained as a class action; and denies the remaining allegations contained in Paragraph 76.

77.    Paragraph 77 is unintelligible.  On that basis, and because Paragraph 77 appears to set forth conclusions of law to which no response is required, Defendant denies the allegations contained in Paragraph 77.

78.    Defendant denies the allegations contained in Paragraph 78.

79.    Defendant denies the allegations contained in Paragraph 79.

80.    Defendant denies the allegations contained in Paragraph 80.

81.    Defendant denies the allegations contained in Paragraph 81.

## B. TEXAS COMMON-LAW CLASS ALLEGATIONS

82.    Paragraph 82 states a proposed class definition and legal allegations to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff Singer purports to bring certain of his claims on behalf of a purported Rule 23 class; denies that this case is appropriate to be certified or maintained as a class action; and denies the remaining allegations contained in Paragraph 82.

83.    Defendant denies the allegations contained in Paragraph 83.

84.    Defendant denies the allegations contained in Paragraph 84.

85.    Defendant denies the allegations contained in Paragraph 85.

86.    Defendant denies the allegations contained in Paragraph 86.

87.    Defendant denies the allegations contained in Paragraph 87.

88.    Defendant denies the allegations contained in Paragraph 88.

///

///

<u>COUNT TWO (sic)</u>
**(Class Action Alleging Violations of NCWHA)**

**A.  VIOLATIONS OF THE NORTH CAROLINA WAGE AND HOUR ACT**

89.     Paragraph 89 incorporates by reference the past allegations contained in previous paragraphs of the Complaint, and therefore no response is required.  To the extent a response is required, Defendant incorporates its earlier admissions and denials as though set forth herein.

90.     Paragraph 90 states a proposed class definition and legal allegations to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff Dixon purports to bring certain of her claims on behalf of herself and other "call-center employees" who were employed by Defendant in the State of North Carolina; denies that this case is appropriate to be certified or maintained as a class action; and denies the remaining allegations contained in Paragraph 90.

91.     The allegations in Paragraph 91 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant states that the N.C.G.S.A. section 95-25.2(4) speaks for itself.  Defendant denies each and every remaining allegation in Paragraph 91 not expressly admitted.

92.     The allegations in Paragraph 92 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant states that the N.C.G.S.A. section 95-25.2(4) speaks for itself.  Defendant denies each and every remaining allegation in Paragraph 92 not expressly admitted.

93.     Defendant denies that Plaintiff Dixon has been employed by Defendant since June 13, 2019.  Defendant denies any remaining allegations in Paragraph 93 not expressly admitted.

94.     The allegations in Paragraph 94 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 94.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NORTH CAROLINA WAGE AND HOUR ACT**

95.     Paragraph 95 incorporates by reference the past allegations contained in previous paragraphs of the Complaint, and therefore no response is required.  To the extent a response is required, Defendant incorporates its earlier admissions and denials as though set forth herein.

96.     The allegations in Paragraph 96 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant states that the N.C.G.S.A. section 95-25.6 speaks for itself.  Defendant denies each and every remaining allegation in Paragraph 96 not expressly admitted.

97.     The allegations in Paragraph 97 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant states that the N.C.G.S.A. section 95-25.4 speaks for itself.  Defendant denies each and every remaining allegation in Paragraph 97 not expressly admitted.

98.     Defendant admits that, as a general matter, non-exempt employees are entitled to be paid for all hours worked.  Defendant denies any remaining allegations contained in Paragraph 98 not expressly admitted.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    The allegations in Paragraph 104 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits that Plaintiff Dixon seeks to recover attorneys' fees, costs, and expenses as part of this litigation.  Defendant denies each and every remaining allegation in Paragraph 104 not expressly admitted.

105.    The allegations in Paragraph 105 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant admits that Plaintiff Dixon seeks to recover as damages allegedly unpaid wages, actual damages, penalties, and other relief; denies Plaintiff Dixon or any member of the purported class has been damaged or is entitled to any relief whatsoever; and denies each and every remaining allegation in Paragraph 105 not expressly admitted.

106.    The allegations in Paragraph 106 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies that this case is appropriate to be certified or maintained as a class action and denies any remaining allegations in Paragraph 106 not expressly admitted.

## C.  NORTH CAROLINA CLASS ALLEGATIONS

107.    Paragraph 107 states a proposed class definition and legal allegations to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff Dixon purports to bring certain of her claims on behalf of herself and other "call-center employees" who were employed by Defendant in the State of North Carolina; denies that this case is appropriate to be certified or maintained as a class action; and denies the remaining allegations contained in Paragraph 107.

108.    Defendant admits that it has employed individuals other than Plaintiff Dixon in the State of North Carolina.  Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations set forth in Paragraph 108 and, on that basis, denies all allegations contained in Paragraph 108 not expressly admitted.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 and, on that basis, denies all allegations contained in Paragraph 109 not expressly admitted.

110.    The allegations in Paragraph 110 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 and, on that basis, denies all allegations contained in Paragraph 110 and denies that this action is appropriate for class action treatment.

111.    The allegations in Paragraph 111 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 and, on that basis, denies all allegations contained in Paragraph 111 and denies that this action is appropriate for class action treatment.

112.    The allegations in Paragraph 112 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 and, on that basis, denies all allegations contained in Paragraph 112 and denies that this action is appropriate for class action treatment.

113.    The allegations in Paragraph 113 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 and, on that basis, denies

all allegations contained in Paragraph 113, including that Plaintiff or any other purported class member is owed any unpaid wages.

114.    The allegations in Paragraph 114 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 114.

115.    The allegations in Paragraph 115 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 115.

116.    The allegations in Paragraph 116 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 116.

117.    The allegations in Paragraph 117 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 117.

118.    The allegations in Paragraph 118 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 118.

119.    The allegations in Paragraph 119 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies all allegations contained in Paragraph 119 and denies that this action is appropriate for class action treatment.

120.    The allegations in Paragraph 120 fail to state a fact that calls for an admission or denial.  To the extent a response is required, Defendant denies all allegations contained in Paragraph 120 and denies that this action is appropriate for class action treatment.

121.    The allegations in Paragraph 120 fail to state a fact that calls for an admission or denial.   To the extent a response is required, Defendant denies all allegations contained in Paragraph 120 and denies that this action is appropriate for class action treatment.

## VI.
## RELIEF SOUGHT

122.    Paragraph 122 of the Complaint states Plaintiffs' prayer for relief to which no response is required.   To the extent a response is required, Defendant denies each and every allegation in Plaintiffs' prayer for relief, and denies that Plaintiffs are entitled to relief of any kind.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

And now, in further response to the Complaint, Defendant sets forth the following affirmative and other defenses, as applicable:

### First Defense

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### Second Defense

Each claim in the Complaint is barred, in whole or in part, by the relevant statute of limitations, including but not limited to the applicable statute of limitations under the Fair Labor Standards Act, 29 U.S.C. 255(a) and/or under applicable Texas and/or North Carolina law.

### Third Defense

Defendant alleges, on information and belief, that Plaintiffs have failed and neglected to use reasonable means to protect themselves from loss and to mitigate the alleged losses and damages complained of in their Complaint.

### Fourth Defense

Defendant alleges that certain of Plaintiffs' claims are barred by the equitable doctrines of estoppel, waiver, laches, and accord and satisfaction.

**Fifth Defense**

Plaintiffs' claims are barred in whole or in part because Plaintiffs seek to recover damages for time allegedly worked that is *de minimus* and therefore not compensable under the FLSA and/or under applicable Texas and/or North Carolina law.

**Sixth Defense**

Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred on the grounds that Plaintiffs have not suffered any damages or injury as a result of the facts alleged in the Complaint—that is, even if Plaintiffs' other allegations are true, Plaintiffs did not suffer damages or economic loss.

**Seventh Defense**

Defendant alleges that Plaintiffs' claims are barred because Defendant did not willfully, intentionally, arbitrarily, or without just cause deprive Plaintiffs of any wages to which they allegedly were entitled under federal law.

**Eighth Defense**

Defendant alleges that certain of Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**Ninth Defense**

Defendant alleges that it has no knowledge of, nor should it have knowledge of, any alleged unpaid work (regular time or overtime) by Plaintiffs, and did not authorize, require, request, suffer, or permit such activity by Plaintiffs or any other purported member of the alleged class/collective.

**Tenth Defense**

Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred to the extent the hours for which Plaintiffs seek compensation do not constitute legally compensable working time.

**Eleventh Defense**

Defendant alleges that the Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim against Defendant for penalties or liquidated damages in any amount whatsoever.

**Twelfth Defense**

Defendant alleges that Plaintiffs are not entitled to recovery of attorneys' fees or costs from Defendant.

**Thirteenth Defense**

Defendant alleges that each claim in the Complaint is barred, in whole or in part, by the unavailability of the damages requested, including without limitation, the unavailability of damages and/or attorneys' fees.

**Fourteenth Defense**

Defendant alleges that each claim in the Complaint is barred, in whole or in part, because, even if Plaintiffs performed any compensable work off the clock (which Defendant expressly denies), they received at least minimum wage for all hours worked, and did not work any overtime, so they suffered no damages.

**Fifteenth Defense**

Defendant alleges that Plaintiffs are not entitled to recover prejudgment interest because their alleged damages are not certain or capable of being made certain by any calculation.

**Sixteenth Defense**

Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred because Defendant has fully performed any and all contractual, statutory, and other duties (if any) owed to Plaintiffs under applicable law.

**Seventeenth Defense**

Defendant alleges that Plaintiffs' Complaint and the claims contained therein are barred, in whole or in part, on the basis that Plaintiffs would be unjustly enriched if allowed to recover certain claimed damages in the Complaint.

**Eighteenth Defense**

Plaintiffs' claims are barred in whole or in part because Defendant has substantially complied with any and all applicable statutes, regulations, and/or laws.

**Nineteenth Defense**

Defendant alleges that Plaintiffs' claims are barred in whole or in part by exemptions, exclusions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 207 and 213, and in parallel provisions under applicable Texas and North Carolina law.

**Twentieth Defense**

Defendant alleges that Plaintiffs cannot establish that any of their claims are appropriate for class action treatment or collective action treatment.

**Twenty-First Defense**

Defendant alleges that neither the named Plaintiffs, nor the opt-in classes they purportedly seeks to represent, are "similarly situated" within the meaning of the Fair Labor Standards Act and parallel state laws. *See* 29 U.S.C. § 216(b). Thus, this case cannot be certified as a collective

action because there is no commonality of questions of law or fact, typicality of claims or defenses, and the representative parties do not fairly and adequately protect the interests of the class.

### Twenty-Second Defense

Defendant alleges that Plaintiffs may not recover liquidated damages because to the extent Defendant engaged in any alleged wrongful conduct, such conduct was undertaken in good faith and with reasonable grounds for believing such actions were not in violation of the Fair Labor Standards Act, 29 U.S.C. § 260.

### Twenty-Third Defense

Defendant alleges that it did not willfully violate the Fair Labor Standards Act and the relief sought by Plaintiffs therefore are barred in whole or in part by the applicable two-year statute of limitations of 29 U.S.C. § 255(a).  Even if Defendant is found to have willfully violated the Fair Labor Standards Act, the relief sought by Plaintiffs would still be barred in whole or in part by the then-applicable three-year statute of limitations of 29 U.S.C. § 255(a).

### Twenty-Fourth Defense

Defendant alleges that the claims of certain putative members of this collective and class action are barred by arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, payment and/or accord and satisfaction, release, res judicata, and/or statute of limitations.

### Twenty-Fifth Defense

Defendant alleges that Plaintiffs' claims and those of putative class plaintiffs are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs and/or putative class plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

### Twenty-Sixth Defense

Defendant alleges that Plaintiffs are not entitled to any relief because the act or omission complained of was in good faith conformity with and in reliance on a written administrative regulation, order, ruling, approval or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor and/or ran administrative practice or enforcement policy of such agency with respect to the class of employees to which Plaintiffs belonged.

### Twenty-Seventh Defense

Defendant alleges that Plaintiffs' claims and those of putative class plaintiffs are barred to the extent they claim hours worked that they had an opportunity to report but failed to do so.

### Twenty-Eighth Defense

Defendant alleges that each claim is barred, in whole or in part, because if Plaintiffs were damaged in any way as a result of the matters alleged in the Complaint, the damage or injury was due wholly to Plaintiffs' own conduct.

### Twenty-Ninth Defense

Defendant alleges that Plaintiffs are barred and precluded from any relief on their Complaint because they have failed and refused to substantiate or document their damages, if any.

### Thirtieth Defense

Defendant alleges that the claims of Plaintiffs and the putative class plaintiffs are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA.

### Thirty-First Defense

Defendant alleges that to the extent that Plaintiffs engaged in dishonest, willful or grossly negligent misconduct, Defendant is entitled to set off any losses due to such conduct against Plaintiffs' wages or other compensation.

### Thirty-Second Defense

Defendant alleges that the Complaint fails to allege facts sufficient to constitute a cognizable class action under Federal Rule of Civil Procedure 23 or any parallel provision of Texas or North Carolina law.

### Thirty-Third Defense

Defendant alleges that Plaintiffs' class allegations are barred on the ground that if this action is certified as a class action, Defendants' rights under the Fifth, Seventh and Fourteenth Amendments of the United States Constitution, and corresponding provisions of the Texas Constitution and North Carolina Constitution, would be violated.

### Thirty-Fourth Defense

Defendant alleges that Plaintiffs are not an adequate representative of other allegedly-aggrieved parties in this action.

### Thirty-Fifth Defense

Defendant alleges that Plaintiffs and other members of the putative class do not share a community of interest in common questions of law and/or fact.

### Thirty-Sixth Defense

Defendant alleges that the claims of certain putative members of this collective and class action are subject to mandatory arbitration.  Specifically, certain putative members of this collective and class action are, or may become, subject to an agreement to arbitrate any claims arising from his or her employment, and the claims pled fall within this description.  Defendant reserves the right to compel these individuals to arbitrate their claims individually or to use those agreements to exclude any such individuals from any class or collective action in this matter.

**Thirty-Seventh Defense**

Plaintiffs' class allegations are barred on the ground that they are preempted by and/or duplicative of Plaintiffs' claims asserted under the FLSA.

Defendant further alleges that it is without knowledge or information sufficient to form a belief as to whether it may have additional affirmative or other defenses as to any purported cause of action in the Complaint, and therefore it reserves the right to assert additional affirmative or other defenses in the event discovery indicates such defenses may be appropriate.

WHEREFORE, PREMISES CONSIDERED, having fully answered Plaintiffs' Complaint, Defendant denies that Plaintiffs are entitled to any relief based on the allegations in her Complaint, and prays as follows:

1.      That the Court deny any request for class or conditional certification;

2.      That judgment be entered in Defendant's favor and against Plaintiffs;

3.      That Plaintiffs take nothing by reason of their Complaint;

4.      That Plaintiffs' claims be dismissed with prejudice;

5.      That Defendant be awarded its costs of suit and reasonable attorney's fees pursuant to relevant statutes, including without limitation the FLSA; and

6.      That Defendant be awarded such other and further relief as the Court may deem just and proper in the circumstances.

Respectfully submitted,


/s/ Mark A. McNitzky
Mark A. McNitzky
State Bar No. 24065730
mark.mcnitzky@ogletreedeakins.com
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
Telephone: (210) 354-1300
Facsimile: (210) 277-2702


## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2019, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF system of filing. A Notice of Electronic Filing will be sent by operation of the ECF system to the following counsel of record:

Clif Alexander, Esq.
clif@a2xlaw.com
Lauren E. Braddy, Esq.
lauren@a2xlaw.com
Alan Clifton Gordon
cgordon@a2xlaw.com
Carter T. Hastings
carter@a2xlaw.com
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401


/s/Mark A. McNitzky
Mark A. McNitzky


39395040.1