UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PAUL SINGER and
SHAMEIKA DIXON, Individually and on
behalf of all others similarly situated,

        Plaintiffs,

v.                                                                                           5:19-CV-00679-JKP-ESC

WELLS FARGO BANK, N.A.,

        Defendant.

## ORDER

This matter is before the Court on the *Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement* (ECF No. 97) filed by Paul Singer and Shameika Dixon, individually and behalf of all opt-in plaintiffs whose consent remains on file in this matter (collectively, "Plaintiffs"), and Defendant Wells Fargo Bank, N.A. By their motion, Plaintiffs and Defendant (the "Parties") inform the Court that they desire to compromise and settle this lawsuit and ask the Court to approve their confidential settlement agreement. The Parties submit for the Court's review a sealed copy of their Settlement Agreement. For the reasons that follow, the Court grants the Parties' motion.

**I. Background**

This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The complaint alleged that Wells Fargo required its call-center employees who are paid by the hour to perform tasks at their desk, such as logging into software programs, without compensation, improperly requiring certain call-center employees to perform work without pay. Wells Fargo answered and denied Plaintiffs' allegations. Wells Fargo contends that it requires all

employees who are paid by the hour to accurately record all time worked, including time spent logging into software programs, and that it properly compensates employees for all time worked.

On October 29, 2019, the Court stayed the case and tolled the statute of limitations on motion of the Parties (ECF No. 48). The Parties entered mediation on October 30, 2019, engaging in an extensive arms-length negotiation facilitated by a professional mediator who specializes in wage and hour law. As part of this process, the Parties exchanged a significant amount of information, attended a mediation session where they agreed to several material terms and agreed to continue discussions, and later reached final agreement, filing a notice of settlement on April 23, 2020 (ECF No. 90). The Parties filed the *Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement* on July 9, 2020 (ECF No. 97).

## II. Legal Standards

The FLSA was enacted to protect all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). The FLSA permits suit by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory.

The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by

the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Not every FLSA settlement requires court approval, however, as "Parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Martin v. Spring Break '83 Prods.*, *L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)). Post *Martin*, some district courts in this Circuit have continued to follow the *Lynn's Food Stores* approach, and these courts review FLSA settlement agreements for fairness where Parties request an ex-ante review of a settlement negotiated during active FLSA litigation. *See, e.g., Cox v. Sunflower Cty. Consol. Sch. Dist.*, No. 4:16-CV-192-DMB-JMV, 2017 U.S. Dist. LEXIS 132388, 2017 WL 3584916, at *2 (N.D. Miss. Aug. 18, 2017); *Abernathy v. Becon Constr. Co.*, No. 1:14-CV-466, 2016 U.S. Dist. LEXIS 176743, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, No. 1:14-CV-466, 2016 U.S. Dist. LEXIS 175435, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016); *Alaniz*, 2016 U.S. Dist. LEXIS 150658, 2016 WL 6462206, at *1.

Here, the Parties request the Court to approve their proposed settlement agreement. Accordingly, the Court will review the Parties' proposed settlement for reasonableness.

**III. Analysis**

*Bona fide dispute*. The Parties assert that the settlement is a fair and reasonable resolution of a bona fide dispute between the Parties over wages owed to Plaintiffs. Plaintiff's complaint alleged they were denied overtime wages required under the FLSA because they were required to spend time each day logging into software systems required to perform their jobs, and that Defendant did not compensate them for this time. Defendant disputes that Plaintiffs are entitled to such wages because it properly instructed all employees, including Plaintiffs, to accurately record all time worked, and that Defendant compensated employees for all time worked, including time spent logging into software systems.

*Fair and reasonable resolution*. The settlement agreement was negotiated by able attorneys and reflects an arms' length compromise of the disputed claims and both provides relief to Plaintiffs and eliminates the risks all Parties would bear if litigation continued. The agreement has been approved by lead Plaintiffs Paul Singer and Shameika Dixon; counsel for Plaintiffs; Mary T. Mack, Senior Executive Vice President and Chief Executive Officer of Consumer and Small Business Banking; and counsel for Wells Fargo. *See Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008) (explaining that in evaluating Parties' FLSA settlement "the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair").

The Parties' agreement that Plaintiffs' counsel is entitled to a total of forty percent of the gross settlement amount for fees and costs is also reasonable. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (acknowledging that contingency fees for class funds have ranged from thirty-five percent to forty percent); *see also Matthews v. Priority Energy Servs., LLC*, No. 6:15-CV-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018), *report and recommendation*

*adopted*, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (approving forty percent contingency fee in FLSA collective class action that required nearly three years of litigation).

In summary, the Court agrees with the Parties that their settlement agreement is a reasonable compromise of the claims alleged by Plaintiffs in light of the risks of further litigation, and the costs applicable to both sides.

**IV. Conclusion**

Because the proposed settlement is a fair and reasonable resolution of a bona fide dispute between the Parties over wages owed to Plaintiffs the *Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement* (ECF No. 97) is GRANTED and the Parties' settlement is APPROVED. It is further ORDERED that this action is dismissed with prejudice. The Order of Referral to Magistrate Judge Chestney is hereby withdrawn, and the Clerk of Court is directed to close this case.

It is so ORDERED.

SIGNED this 14th day of July 2020.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE